IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 26-cv-00360-PAB

JOSE MANUEL MONTANEZ DE LA CRUZ,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner Jose Manuel Montanez De La Cruz's Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3]. Respondents filed a combined response. Docket No. 13.

## I. BACKGROUND[1]

Petitioner is a noncitizen who has lived continuously in the United States for over twenty-five years. Docket No. 1 at 2, ¶ 1. Petitioner is married to his U.S. citizen wife

---

[1] The following facts are taken from the petition. Docket No. 1. Respondents have not disputed any facts and do not provide facts of their own. *See generally* Docket No. 13.

and has two U.S. citizen children and two U.S. citizen step-children.  *Id.*  He is the family's primary financial provider.  *Id.*  Petitioner has no criminal history that subjects him to mandatory detention.  *Id.* at 2-3, ¶¶ 1-2.  Immigration and Customs Enforcement ("ICE") charges petitioner with having entered the United States without inspection.  *Id.* at 2, ¶ 1.  Petitioner is being detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*  Petitioner has not been provided with a bond hearing.  *Id.*

On January 29, 2026, petitioner filed a Verified Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order and/or Preliminary Injunction. Docket No. 1; Docket No. 3.  Petitioner brings claims that respondents are detaining petitioner in violation of 8 U.S.C. § 1226(a) (Count I), that respondents are detaining petitioner in violation of the Immigration and Nationality Act ("INA") Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1 & 1003.19 (Count II), that respondents are detaining petitioner in violation of the Administrative Procedure Act, 5 U.S.C.§ 706(2) (Count III), that respondents are detaining petitioner in violation of his Fifth Amendment Due Process Rights (Count IV), that respondents are violating the holding in *Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) (Count V), and that respondents are violating petitioner's substantive due process rights (Count VI).  *Id.* at 16-21, ¶¶ 43-70.

Petitioner asks the Court to issue a writ of habeas corpus requiring respondents to immediately release petitioner from all forms of custody, including 24/7 GPS monitoring, reporting requirements, or restrictions on movement.  *Id.* at 22.  In the alternative, petitioner asks the Court to hold a custody hearing pursuant to 8 U.S.C. § 1226(a) within seven days, *id.*, or order respondents to schedule petitioner for a custody hearing pursuant to § 1226(a) before an immigration judge, at which respondents must

demonstrate by clear and convincing evidence that continued custody of any kind is necessary.  *Id.*

Petitioner also asks the Court enjoin respondents from unilaterally imposing additional forms of custody if they are not ordered by the Court or an immigration judge.  *Id.*  Petitioner asks the Court to enjoin respondents from invoking the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) if bond is granted.  *Id.*  Petitioner seeks that the Court enjoin respondents from denying petitioner a custody hearing due to the Department of Homeland Security's ("DHS's") refusal to conduct an initial custody determination.  *Id.*  Petitioner asks for the Court to require that respondent's financial circumstances and ability to pay a bond are considered when determining what bond amount if appropriate.  *Id.* at 23.  Finally, petitioner asks the Court to award attorney's fees and to enjoin his transfer outside the jurisdiction of the District of Colorado.  *Id.*  The motion for a temporary restraining order and/or preliminary injunction seeks identical relief.  Docket No. 3 at 24-25.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 9-12; Docket No. 13 at 1-2.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of "noncitizens like petitioner who are present without inspection, face inadmissibility charges in removal proceedings due to their entrance without inspection, and who do not have certain criminal legal contacts."  Docket No. 1 at 15, ¶ 37.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id.* at 17, ¶ 45.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in

the United States without being admitted or paroled." Docket No. 13 at 2. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

### A. Merits

On six occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 13 at 4. Respondents state that they have submitted an abbreviated response "to conserve judicial and party resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No.

25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)). "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at 3-4. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[2] *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 13 at 2. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on Count I.[3] Moreover, the Court will deny the motion for a temporary restraining order and/or preliminary injunction as moot, because the Court will grant the habeas petition which requests identical relief.

---

[2] Respondents specify that they do not consent to issuance of the writ. Docket No. 13 at 4.

[3] Because the Court will grant the habeas petition on the basis of Counts One, it will not reach petitioner's other claims. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

### B. Remedies

The Court will now determine which of petitioner's requested remedies it will grant. The majority of petitioner's arguments regarding his requested remedies are raised in his motion for a temporary restraining order and/or preliminary injunction. Docket No. 3 at 24-25. However, petitioner requests identical relief in his habeas petition, and the arguments within the motion for a temporary restraining order and/or preliminary injunction address why such relief would be appropriate in the habeas context. *Id.* at 16; Docket No. 1 at 22-23. Thus, the Court will consider the argument in the motion for a temporary restraining order and/or preliminary injunction when determining what habeas relief to grant.

#### 1. Immediate Release

Petitioner requests that the Court immediately release him from all forms of custody, including constraints such as 24/7 GPS monitoring, restrictions on movement, and reporting requirements.[4] Docket No. 3 at 16-17. Petitioner contends that immediate release is necessary because of ICE's "rampant refusal in this District to comply with orders from district courts to release individuals from ICE custody and after district courts order custody hearings and [immigration judges ("IJs")] subsequently order their release." *Id.* at 17. Petitioner identifies five instances in this district where he claims ICE has failed to comply with court orders. *Id.* Moreover, petitioner attaches as

---

[4] Notably, "the [habeas] statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968); *see also Harris v. Nelson*, 394 U.S. 286, 291 (1969) ("The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.").

Exhibit 4 the appendix from *Juan T.R. v. Noem*, 2026 WL 232015 (D. Minn. Jan. 28, 2026), which petitioner claims identifies 96 orders in 74 cases which demonstrate ICE non-compliance with federal court orders since January 1, 2026. *Id.* at 19 n.6; Docket No. 3-4. Thus, petitioner argues that, "[g]iven the inability or refusal of ICE and IJs in this district and around the country to comply with court orders granting bond hearings, this Court should order immediate release from custody as the only way to ensure Defendants' lawbreaking is remedied." Docket No. 3 at 20.

Respondents argue that "[i]mmediate release is not appropriate because 8 U.S.C. § 1226(a), the statute that Petitioner requests that the Court apply, authorizes detention."[5] Docket No. 13 at 4 (citation omitted). Respondents are correct that 8 U.S.C. § 1226(a) authorizes detention. *See* 8 U.S.C. § 1226(a)(1) (stating that the Attorney General may continue to detain the noncitizen).

While petitioner's cited instances of ICE's failure to comply with court orders is troubling, the Court does not find that they justify ordering immediate release. First, petitioner does not explain why it would be more likely that respondents would comply with a court order which orders petitioner's immediate release than with a court order which orders that a bond hearing be conducted. Next, the Court does not find evidence that ICE violated court orders in the past sufficiently establishes that ICE will violate a court order in this case. This is particularly true given that ICE has generally complied

---

[5] Moreover, the *Mendoza Gutierrez* response which defendants incorporate asserts that "Petitioner has not provided any argument in the PI Motion about why release rather than a bond hearing would be appropriate relief." Docket No. 13-1 at 22. Thus, respondents argue that the argument is waived. *Id.* This is not true here, as petitioner has provided argument as to why release is an appropriate remedy. *See* Docket No. 3 at 16-21.

7

with this Court's orders in its past immigration cases.[6] Thus, because the Court has ruled that petitioner's detention is governed by § 1226 and because § 1226 authorizes detention, the Court does not find that petitioner's immediate release is an appropriate remedy. Instead, the Court will order that a bond hearing be conducted.

### 2. Whether the Court Should Conduct the Bond Hearing

Petitioner alternatively argues that the Court should maintain jurisdiction over the habeas petition and hold its own custody hearing. Docket No. 3 at 22. Petitioner argues that "[c]ourts have increasingly settled on this remedy considering the Constitutional issues presented and Defendants' recalcitrance or unwillingness to follow the law." *Id.* (collecting cases). Petitioner cites no cases within the District of Colorado. *Id.*

Notably, 8 U.S.C. § 1226(a) "provides DHS the discretion to grant [a noncitizen] release on bond." *Ramirez v. Baltasar*, No. 26-cv-00199-NYW, 2026 WL 318989, at *4 (D. Colo. Feb. 6, 2026) (citation omitted). Thus, "a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a)." *Id.* (citation omitted). Accordingly, the Court will order an immigration judge to conduct the hearing.

---

[6] However, in *Portillo Martinez*, the Court granted petitioner's habeas petition and ordered that a bond hearing be conducted within one week of the Court's order. *Portillo Martinez*, 2026 WL 194163, at *6. Mr. Portillo Martinez was represented by the same counsel as petitioner in the instant case. Mr. Portillo Martinez filed an emergency motion for a temporary restraining order, claiming that Mr. Portillo Martinez attempted to post bond, but that ICE refused to accept payment. *Portillo Martinez*, 26-cv-00106-PAB, Docket No. 15. Shortly after filing the motion, ICE accepted the bond payment, mooting the motion for a temporary restraining order. *Id.*, Docket Nos. 17, 18. The Court did not determine why ICE refused to accept Mr. Portillo Martinez's bond payment and never found that its habeas order was violated. The Court has experienced no other issues with ICE complying with its orders.

### 3. Conditions on the Bond Hearing

Petitioner argues that, regardless of who conducts the custody hearing, the Court should order strict constitutional protections. Docket No. 3 at 22. Specifically, petitioner requests that the Court order respondents to "carry a clear and convincing evidence burden to show that continued custody—whether it be incarceration or any alternatives to detention like 24/7 GPS monitoring, check-ins, or movement restrictions—is necessary." *Id.* Petitioner also requests that petitioner's ability to pay be considered when setting an amount of bond. *Id.* at 23.

"Section 1226(a) and its implementing regulations are silent as to whether the applicant or the Government carries the burden of proof at a bond hearing." *Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (citing 8 U.S.C. § 1226(a); 8 C.F.R. § 1003.19(d)). This silence, however, does not mean that a court should preemptively fill the gap. *See United States v. Home Concrete & Supply, LLC*, 566 U.S. 478, 487 (2012) ("it is for agencies, not courts, to fill statutory gaps") (citation omitted).[7]

Notably, "[d]ue process is not a one size fits all proposition." *Miranda v. Garland*, 34 F.4th 338, 359 (4th Cir. 2022). The Supreme Court has ruled that Congress may make rules that would be "unacceptable if applied to citizens" in the immigration context because of Congress's broad authority over the immigration and naturalization process.

---

[7] Courts do not need to defer to an agency interpretation of the law just because a statute is ambiguous. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024). Thus, if immigration judges are applying an inappropriate standard to custody hearings, the Court has the authority to intervene. However, petitioner provides no argument that immigration judges in this district have been applying an inappropriate standard; rather, petitioner merely opines about what he believes the standard ought to be. Docket No. 3 at 22-23. The Court does not find it necessary to impose its own standard when an incorrect standard has not been applied to petitioner.

*Demore v. Kim,* 538 U.S. 510, 521 (2003) (quotation and citation omitted). Although the Supreme Court has contemplated that placing the burden of proof on a petitioner who is not a citizen of the U.S. may pose a constitutional problem where that person is facing potentially indefinite and permanent detention, *Zadvydas v. Davis*, 533 U.S. 678, 692 (2001), there is no indication that petitioner's detention is potentially indefinite. Thus, the Court will not impose any requirements on petitioner's custody hearing. *See Basri v. Barr*, 469 F. Supp. 3d 1063, 1073-74 (D. Colo. 2020) ("the Fifth Amendment clearly does not require the government to bear the burden of proof in bond proceedings"); cf. *Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1196-97 (D. Colo. 2024) (bond hearing conducted pursuant to 28 U.S.C. § 1226(c)); *de Zarate v. Choate*, No. 23-cv-00571-PAB, 2023 WL 2574370, at *5 (D. Colo. Mar. 20, 2023) (same).

### 4. Requests to Enjoin

Petitioner requests that the Court enjoin respondents from unilaterally imposing additional forms of custody, from invoking the automatic stay provision in 8 C.F.R. § 1003.19(i)(2), and from denying petitioner a custody hearing due to DHS's refusal to conduct an initial custody determination.[8] Docket No. 1 at 22.

Petitioner cites cases where courts have found that ICE improperly and unilaterally imposed additional bond conditions which were not ordered by the immigration judge that set bond. Docket No. 3 at 18 (collecting cases). Moreover, petitioner claims that respondents "have resorted to a new unlawful tactic of automatically staying the IJ's bond order through its unilateral and unchecked invocation

---

[8] Furthermore, petitioner asks the Court to enjoin respondents from transferring petitioner outside the District of Colorado pending resolution of this case. Docket No. 1 at 23. This request is moot because the Court will grant the habeas petition and thus resolve the case.

of 8 C.F.R. § 1003.19(i)(2), colloquially known as the 'autostay' or 'automatic stay' provision." *Id.* at 20.  Petitioner states that "[d]ozens of courts have . . . ruled that the automatic stay provision violates due process and ordered Defendants to allow petitioners to post bond." *Id.* (citing *M.P.L. v. Arteta*, 2025 WL 3288354, at *7 (S.D.N.Y. Nov. 25, 2025)).  Petitioner also argues that "DHS now appears to be nearly universally implementing the automatic stay with regard to immigration judges' rulings granting petitioners bond." *Id.* at 21 n.7.

The Court finds that this argument is undermined by the fact that DHS has not implemented the automatic stay when bond was granted in any of the Court's immigration cases.[9]  Thus, petitioner fails to clearly establish the necessity of granting injunctive relief.  *See Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964) ("Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established.").

### 5.  Attorney's Fees

Finally, the Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit....The Motion shall include...for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed

---

[9] Notably, in *Portillo Martinez*, petitioner submitted evidence indicating that ICE delayed acceptance of Mr. Portillo Martinez's bond payment because it was considering whether to file an automatic stay of the bond grant under 8 C.F.R. § 1003.19(i)(2). *Portillo Martinez*, 26-cv-00106-PAB, Docket No. 15 at 3; Docket No. 15-3.  However, ICE never filed an automatic stay.

description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

## III. CONCLUSION

Therefore, it is

**ORDERED** petitioner Jose Manuel Montanez De La Cruz's Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED in part**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.  It is further

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3] is **DENIED as moot**.

DATED February 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge